UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORNELIUS ANTWINE ROE | CIVIL ACTION |
| VERSUS | NO. 23-6982 |
| OUACHITA PARISH SHERIFF, ET AL. | SECTION "J" (2) |

## ORDER AND REASONS

Plaintiff Cornelius Antwine Roe is incarcerated in the Ouachita Correctional Center in Monroe, Louisiana. ECF No. 5, ¶ II, at 2. Roe filed this *pro se* complaint under 42 U.S.C. § 1983 against defendants Ouachita Parish Sheriff Jay Russell and Deputy Stacie Morrison challenging his arrest and prosecution for failure to register as a sex offender. *Id.*, ¶IV, at 4. He seeks to have Deputy Morrison removed from her position and to have his name cleared of the charges.

Roe also has submitted an application to proceed *in forma pauperis* in this case. ECF No. 6. In light of the decision to transfer this matter, ruling on the pauper application is DEFERRED to the receiving court for consideration.

I. **VENUE PROVISIONS**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[1] The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

In the interest of justice, the provisions of 28 U.S.C. § 1404 and § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper.[2] The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[3] Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[4] A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[5]

## II. DISCUSSION

Roe has presented no basis for this matter to proceed in the Eastern District of Louisiana. Roe is currently incarcerated in Monroe, Louisiana in Ouachita Parish, and is not present in this District. ECF No. 5, ¶ II, at 2. The events about which Roe complains occurred in Ouachita Parish. *Id.*, ¶IV, at 4. The defendants are indicated to be present in Ouachita Parish, Louisiana. *Id.*, ¶III(B)-(C), at 4. Ouachita Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The interests of justice and fairness to the parties dictate that venue is appropriate in the Western District of Louisiana. Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

---

[2] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[3] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).
[4] *Id*. at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).
[5] *Id*. at 678.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this <u>11th</u> day of December, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE